

FILED

JAN 16 2018

Clerk, U.S. Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES OWEN LAMBSON,<br><br>Defendant. | CR 17–27–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Charles Owen Lambson's ("Lambson")
Motion to Dismiss Information (Doc. 11).   Lambson moves the Court to dismiss
the Information filed against him on September 5, 2017, for failure to comply with
the Speedy Trial Act and, further, to dismiss with prejudice all portions of the
information pertaining to alleged conduct occurring before December 14, 2012, as
being barred by the applicable statute of limitations.   (Doc. 12 at 1–2.)   The
Government agrees that the Information should be dismissed but contends that the
dismissal should be without prejudice.   (Doc. 13 at 1.)   As discussed below, the
Court will grant the Motion in part and deny in part.

## FACTUAL BACKGROUND

On September 5, 2017, Lambson was charged by Information (Doc. 1) with

a single count of false official writing in violation of 18 U.S.C. § 1018, a Class A misdemeanor under 18 U.S.C. § 3559(a)(6).   Lambson is a public officer authorized by law to make a certificate and is alleged to have knowingly issued "Red Cards" to unqualified wildland firefighters, in violation of 18 U.S.C. § 1018. The charge against Lambson includes allegations that he issued false Red Cards between September 1, 2012, and September 30, 2013.   Lambson was arraigned on September 27, 2017, and pled not guilty.   When Lambson filed his Motion on December 14, 2017, seventy-eight days had passed since he had been arraigned.

## DISCUSSION

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, criminal defendants must be tried within seventy days of the date the information or indictment was filed and made public or the date of their arraignment, whichever is later.   18 U.S.C. § 3161(c)(1).   Certain periods of delay are excludable from the seventy-day calculation if they fall within the eight exceptions enumerated in § 3161(h).   However, if a defendant is not brought to trial within seventy days as extended by any excludable time in § 3161(h), the information must be dismissed upon motion of the defendant.   18 U.S.C. § 3162(a)(2).

In Lambson's case, he has not been brought to trial within seventy days and the Information must be dismissed.   The Information was filed on September 5, 2017, and Lambson was arraigned on September 27, 2017.   Accordingly, the

-2-

seventy-day clock began to run on September 27, 2017.   The parties agree that there has not been an excludable period of delay under § 3161(h).   (Docs. 12 at 6–9; 13 at 3.)   Therefore, in order to comply with the Speedy Trial Act, Lambson needed to have been brought to trial by December 6, 2017.   Lambson was not brought to trial by that date and filed his Motion to Dismiss on December 14, 2017, seventy-eight days after his arraignment.   As a result, the Court will grant Lambson's Motion and dismiss the Information.

Having determined that dismissal is appropriate, the Court now turns to the question of whether the dismissal should be with or without prejudice.   Section 3162(a)(2) provides:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The parties agree that neither of the first two factors warrant dismissal with prejudice.   (Docs. 12 at 9; 13 at 4.)   However, Lambson contends that the third factor, "the impact of a reprosecution on the administration of this chapter and on the administration of justice," weighs in favor of dismissal with prejudice.   (Doc. 12 at 9.)   Specifically, Lambson contends that, should this case be dismissed without prejudice, reprosecution of a charge resting on alleged facts occurring over five years before the filing of his Motion to Dismiss would be barred by the

-3-

applicable statute of limitations and allowing the Government the opportunity to bring such a charge would have "a significant impact on the administration of justice."   (*Id.* at 9–10.)   The Government counters that the statute of limitations would not bar reprosecution in light of 18 U.S.C. § 3288, "which provides a six-month grace period in situations where an indictment or information is dismissed after the statute of limitations expires."   (Doc. 13 at 5.)

While the Court appreciates the parties' agreement regarding the application of the first two factors, the Court "must carefully consider [the § 3162(a)(2)] factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review."   *United States v. Taylor*, 487 U.S. 326, 336 (1988).   The Court proceeds to an analysis of these factors under the presumption that neither remedy has been given priority.   *Id.* at 334–35.   After reviewing the factors listed in § 3162(a)(2), the Court is convinced that dismissal without prejudice is appropriate in this case.

The Court finds that the first factor, "the seriousness of the offense," favors dismissal with prejudice.   Despite the agreement of the parties that this offense is serious, and the fact that the charge alleges a crime of dishonesty, the Court is satisfied that the classification of the crime of "false official writing" as a Class A misdemeanor indicates that the offense is not serious.   (Docs. 12 at 4–5; 13 at 2 (citing 18 U.S.C. § 3559(a)(6)).)   The Government contends that "the proper

certification of wildland firefighters is serious, given the deaths of two properly-certified firefighters in Montana this past fire season."    The Court declines to conjecture on the role of certification in the deaths of these firefighters or to extrapolate their significance to determining the seriousness of the crime of "false official writing."    In the Court's experience, the crime of "false official writing," while not the least serious crime a person could commit, is merely a misdemeanor and is significantly less serious than the majority of crimes brought before this Court.    This factor weighs in favor of dismissal with prejudice.    Although this factor weighs in favor of dismissal with prejudice, "this fact must be weighed against the 'seriousness of the delay'" in the second step of the analysis.    *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994) (quoting *United States v. Stayton*, 791 F.2d 17, 21 (2d Cir. 1986)).

The second factor, "the facts and circumstances of the case which led to the dismissal," weighs in favor of dismissal without prejudice.    The circumstances in this case are as follows.    Lambson was arraigned in front of Magistrate Judge Jeremiah C. Lynch.    As the charged crime is a Class A misdemeanor, Judge Lynch could not proceed with the case absent Lambson having filed written consent to proceed before a magistrate judge.    *See* 18 U.S.C. § 3401(b); 28 U.S.C. § 636(a)(5).    During the arraignment, Judge Lynch informed Lambson that if he did not provide consent, his case would be scheduled for a preliminary pretrial

–5–

conference ("PPTC") before the undersigned district judge.    Lambson was not

obligated to provide his consent and did not do so.    *See* 18 U.S.C. § 3401(b).

Owing to a rare instance of ministerial oversight, Lambson's case remained

assigned to Judge Lynch when it should have been assigned to the undersigned

district judge.    Neither Lambson nor the Government alerted the Court to the lack

of a scheduled PPTC or trial and seventy-eight days passed without either being

scheduled.    Taking judicial notice of the Court's own statistics regarding

dismissals for violations of the Speedy Trial Act under § 3162 in the district of

Montana over the last ten years, the Court does not find a significant history of

such dismissals.[1]    See Fed. R. Evid. 201(b), (c), (f).    Further, the Court has taken

steps to ensure that the type of ministerial neglect that occurred in this case will not

reoccur.[2]    The fact that this delay arose out of unique circumstances which seem

unlikely to recur weighs in favor of dismissal without prejudice in this case.

As to the seriousness of the delay, at the time of Lambson's Motion,

seventy-eight days had passed since he had been arraigned.    "The longer the

delay, the greater the presumptive or actual prejudice to the defendant, in terms of

his ability to prepare for trial or the restrictions on his liberty."    *Taylor*, 487 U.S.

---

[1] Over the last ten years in the District of Montana, there have only been five dismissals pursuant
to § 3162 of the Speedy Trial Act and only one of these dismissals occurred after 2010.

[2] The Court has initiated internal proceedings to ensure that Class A misdemeanors shall be
initially assigned to a district judge rather than a magistrate judge and will only be reassigned to
a magistrate upon a defendant's filing of consent under 18 U.S.C. § 3401(b).

340.   As the Supreme Court has noted:

> Inordinate delay between public charge and trial, . . . wholly aside
> from possible prejudice to a defense on the merits, may seriously
> interfere with the defendant's liberty, whether he is free on bail or not,
> and . . . may disrupt his employment, drain his financial resources,
> curtail his associations, subject him to public obloquy, and create
> anxiety in him, his family and his friends.

*Id.* at 341 (internal quotation marks and citations omitted).   At the time of this

Order, 111 days have passed since Lambson's arraignment.   The Court is not

convinced that a pending Class A misdemeanor charge causes the drain on

financial resources, curtailment of association, anxiety, or public obloquy

warranting dismissal with prejudice.   Indeed, during his arraignment, Lambson

was appointed counsel pursuant to the Criminal Justice Act, reducing his financial

burden in defending against this charge.   While the delay is not insubstantial, it

does not weigh in favor of dismissal with prejudice in this case.

The third factor, "the impact of a reprosecution on the administration of [the

Speedy Trial Act] and on the administration of justice," also weighs in favor of

dismissal without prejudice.   The Supreme Court has stated that it is "self-evident

that dismissal with prejudice always sends a stronger message than dismissal

without prejudice, and is more likely to induce salutary changes in procedures,

reducing pretrial delays."   *Id.* at 342.   Here, neither party is responsible for the

delay and any ameliorative action necessary to ensure that the rare cause for delay

in this case will not be repeated has already been accomplished.   *See* n. 2, *supra*.
Thus, the Court does not find that this factor weighs in favor of dismissal with
prejudice.   *See Clymer*, 25 F.3d at 832 ("[W]e believe that the Act's most severe
sanction is appropriate where the surrounding circumstances lead us to conclude
that district courts and United States Attorneys' offices have failed to recognize or
implement our long-standing precedents.")

Lambson argues that dismissal without prejudice would impede the
administration of justice because, he contends, the statute of limitations bars
reprosecution in his case.   (Doc. 12 at 9.)   At this juncture, the Court refrains
from deciding whether or not the statute of limitations would bar reprosecution of
the charge against Lambson.   As has been stated by the United States Supreme
Court, "[d]ismissal without prejudice is not a toothless sanction: it forces the
Government to obtain a new indictment if it decides to reprosecute, *and it exposes
the prosecution to dismissal on statute of limitations grounds*.   *Taylor*, 487 U.S. at
342 (emphasis added).   The Court is convinced that what has been articulated to
be an *effect* of dismissal without prejudice should not become the *cause* for
dismissal with prejudice.   Should the Government reprosecute Lambson, he will
be free to raise a statute of limitations defense at that time.

Having weighed the § 3162(a)(2) factors, the Court is satisfied that dismissal
without prejudice is appropriate in this case.   Accordingly,

-8-

IT IS ORDERED that Lambson's Motion to Dismiss Information (Doc. 11) is GRANTED IN PART AND DENIED IN PART.   The Information (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

DATED this **16th** day of January, 2018.

Dana L. Christensen, Chief Judge
United States District Court